THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
: Crim. No. 3:17-CR-276
v.  : (JUDGE MARIANI)
:
SHAWN HILL,  :
:
Defendant.  :

## MEMORANDUM OPINION
### I. INTRODUCTION

Pending before the Court is the Motion to Lift Warrant filed by Defendant Shawn Hill through his attorney. (Doc. 76.) With this Motion, Defendant asks the Court to lift the Warrant for Arrest issued by Order of November 5, 2019 (Doc. 71). (Doc. 76 at 3.) The warrant was issued pursuant to the Government's November 4, 2019, Motion for Revocation of Bail and Issuance of Warrant of Arrest in which the Government indicated that Defendant had violated the conditions of his pretrial release. (Doc. 79 at 4 (citing Doc. 69 (sealed)).) For the reasons discussed below, the Court will deny the pending motion.

### II. BACKGROUND

When the warrant was issued in November 2019, Defendant was on pretrial release for charges of assaulting, resisting or impeding a correctional officer, in violation of 18 U.S.C. § 111(a), and possession of contraband, namely a sharp weapon commonly known as a "shank," in prison, in violation of 18 U.S.C. § 1791 (a)(2). (Doc. 1.) As set out in the September 19, 2017, Indictment, the conduct giving rise to the charges took place on June

30, 2017 (Doc. 1), at which time Defendant was an inmate at the United States Penitentiary at Canaan serving a federal sentence of 72 months resulting from his conviction in the District of Connecticut on the charge of Felon in Possession of a Firearm (Doc. 79 at 1-2). Shortly before the District of Connecticut sentence was set to expire, Defendant sought pretrial release for the new charges. (Doc. 28.) On June 21, 2018, Magistrate Judge Mehalchick concluded that Defendant should remain detained because he was both a flight risk and a danger to the community. (Doc. 32 at 2.) The Order of Detention specifically noted that the reasons for detention included Defendant's prior criminal history, his history of violence or use of weapons, his lack of stable employment, and his prior failure to appear in court as ordered. (*Id.*)

On February 28, 2019, Defendant again filed a motion seeking his release. (Doc. 46.) Magistrate Judge Mehalchick conducted a hearing on the matter on April 4, 2019, and released Defendant on pretrial services supervision, allowing him to return to Connecticut under conditions set out in the order of release. (Doc. 53; Doc. 79 at 2-3.) Upon his return to Connecticut, Defendant was both on pretrial services supervision for the September 2017 charges and supervised release stemming from his District of Connecticut Felon in Possession of a Firearm charge. (Doc. 79 at 3.)

In October 2019, the supervising probation officer in Connecticut reported that Defendant was not abiding by pretrial release conditions, including positive drug tests on two occasions and missing drug tests on eight occasions. (Doc. 79 at 3-4.) As noted

above, based on this information, the Government filed a motion requesting the Court to issue an arrest warrant and revoke bail (Doc. 69) which the Court granted by Order of November 15, 2019. (Doc. 71.)

After the issuance of this arrest warrant in Pennsylvania, on November 25, 2019, a grand jury sitting in the District of Connecticut issued a superseding indictment charging Shawn Hill and ten other individuals with Conspiracy to Distribute Cocaine Base, Cocaine and Heroin. (Doc. 79 at 4 (citation omitted).) These criminal charges are currently pending in the District of Connecticut. (*Id.*)  On February 11, 2020, the date of Defendant's initial appearance on the new drug charges, Defendant was ordered detained based on the Magistrate Judge's finding that "'the defendant has not met his burden of establishing, by clear and convincing evidence, that he will not flee or pose a danger to any other person or the community if he is released pending resolution for the alleged violation of his supervised release.'" (Doc. 79 (quoting Doc. 228-1).)

### III. ANALYSIS

Defendant now seeks to have this Court's warrant lifted so that he can petition the District Court in Connecticut for bail based on the COVID-19 pandemic. (Doc. 76 ¶¶ 6, 9.) He claims the underlying condition giving rise to his request is his anxiety which causes him shortness of breath, chest tightness, and chest pain for which he is treated with antianxiety medication and muscle relaxer. (Doc. 77 at 2.) Asserting that the detainer issued in connection with this case prevents him from seeking release in in the District of Connecticut.

Defendant maintains that the District of Connecticut is in the best position to assess the risk presented by the COVID-19 pandemic based on familiarity with local detention facilities. (Doc. 77 at 1, 3.)

Defendant presents no authority in support of his motion and the Government states that it is "unaware of any case law in which the COVID-19 virus has been discussed in the context of 'lifting' a previously issued arrest warrant." (Doc. 79 at 15.) The Government agrees that the detention issue is likely more properly addressed to the District Court in Connecticut. (*Id.*) However, the Government further maintains that

> defendant's [sic] seeking temporary release from detention pending trial typically request release pursuant to 18 U.S.C. § 3142(i). A defendant moving for temporary release pursuant to 18 U.S.C. § 3142(i) bears the burden to show that temporary release is necessary or justified. *United States v. Dupree*, 833 F. Supp. 2d 241, 246 (E.D. N.Y. 2011). Release under § 3142(i) is intended for "extraordinary circumstances," which are exceedingly rare. *United States v. Rebollo-Andino*, 312 F. App'x 346, 348 (1st Cir. 2009).
>
> In determining whether or not a defendant's concerns about COVID-19 constitute a "compelling reason" under § 3142(i), Courts throughout the Middle District have determined that a defendant is not entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. This conclusion is supported by the Third Circuit's recent decision in *United States v. Raia*, underscoring that release from jail requires showing a particularized need beyond the general risks posed by COVID-19. No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).
>
> . . . .
>
> In making an individualized determination as to whether COVID-19 concerns present a compelling reason that temporarily release is necessary, the Court has considered the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated

4

> COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *See United States v. Clark*, 40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020).

(Doc. 79 at 15-17 (footnotes omitted).)

The Government reviews pertinent factors and concludes that Defendant has failed to show that identified factors weigh in favor of granting his pending motion. (*See* Doc. 79 at 18-22.) Notably, in his reply brief, Defendant does not attempt to discount the propriety of considering factors relevant to § 3142(i) release or show how any factor weighs in his favor. (*See* Doc. 80.)

The Court concurs with the Government's assessment that Defendant has failed to show that he is entitled to the relief requested. First, Defendant is detained in Connecticut because the Magistrate Judge considered him a flight risk and a danger to the community, the same findings made by Magistrate Judge Mehalchick when she concluded in June 2018 that he should remain detained. (Doc. 32; Doc. 79 at 2, 6.) Further, the warrant was issued in December 2019 in part because Defendant did not show up for eight drug tests in September and October of 2018. This behavior indicates that Defendant's noncompliance with court-mandated conditions includes failure to appear for required testing—in turn, repeated failures to appear indicate that conclusions that Defendant poses a flight risk were, and continue to be, well-founded.

Regarding the specificity of Defendant's stated COVID-19 concerns, he presents no evidence that his anxiety related issues put him at an increased risk of contracting the virus. (Doc. 77 at 2.) Regarding the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks, the Court has no basis to discount the Government's conclusion that neither his motion to lift the warrant nor his bond proposal in Connecticut provide information about how risks will be mitigated. (*See* Doc. 79 at 20.)

Though not raised in his motion (Doc. 76), Defendant states in his supporting brief that it is "[o]f equal concern" that he is unable to proceed with his case in this Court "due to this situation in Connecticut." (Doc. 77 at 3.) While he states that he "would like to resolve this case," he also expresses fear of being transported to Pennsylvania during the pandemic and identifies his need to quarantine at home before he can proceed in person in this case as relevant to the disposition of the pending matter. (*Id.*)

This Court does not question that Defendant suffers from anxiety or that the United States District Court for the District of Connecticut has greater familiarity with its local detention facilities. However, Defendant was released on bail under strict conditions (Doc. 53) on serious charges contained in an Indictment charging him with assaulting, resisting or impeding a correctional officer, in violation of 18 U.S.C. § 111(a) and possession of contraband, namely a sharp weapon commonly known as a "shank," in prison, in violation of 18 U.S.C. § 1791 (a)(2), while an inmate at the United States Penitentiary at Canaan (Doc. 1). Defendant does not dispute that he violated the conditions of his release in numerous

ways, including failing to attend scheduled drug testing in the District of Connecticut. (*See* Doc. 79 at 3, Doc. 80 at 3.) Nor does Defendant dispute that he has an extensive criminal history (eleven previous convictions) (Doc. 79 at 8-12), and a significant record of misconduct while incarcerated (*id.* at 12-14). On this record, the Court concludes that the relief requested is properly denied--Defendant's difficulties are of his own making and the grounds for his detention in Connecticut, which are similar to those originally found in this Court, remain unchanged.

## IV. CONCLUSION

For the reasons discussed above, the Court will deny Defendant's Motion to Lift Warrant (Doc. 76). A separate Order is filed simultaneously with this Memorandum Opinion.

_____
Robert D. Mariani
United States District Judge